HARDING v. HART et al.[1]

(Circuit Court of Appeals, Seventh Circuit. January 7, 1902.)

No. 438.

1. APPEAL—REVIEW—FINDINGS OF FACT.
Findings of fact made by the trial court in a suit in equity on conflicting evidence, while not absolutely conclusive upon an appellate court, are very persuasive, and will not be disturbed except on a very satisfactory showing.

2. CORPORATIONS—INSOLVENCY—UNLAWFUL PREFERENCE OF OFFICER.
A finding in a creditors' suit against an insolvent insurance company and its former president and director that a transfer of securities by the company to the president on a settlement between them was made after the company had become insolvent, and was void as against other creditors as an unlawful preference, held sustained by the evidence.

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

George F. Harding and William J. Ammen, for appellant.
Frederic Ullmann, for appellees.

Before BROWN, Circuit Justice, WOODS, Circuit Judge, and BUNN, District Judge.

PER CURIAM. This cause was heard in this court at the June term for 1900, before Mr. Justice BROWN, one of the Justices of the Supreme Court, WOODS, Circuit Judge, and BUNN, District Judge. The case is an elaborate one, the testimony being very voluminous and filling many volumes. This, and the circumstance that Mr. Justice BROWN, since the hearing of the case, has been very steadily and laboriously occupied with work in the supreme court, has caused some delay in the decision of the case. The cause was begun in the United States circuit court for the Northern district of Illinois by a bill in equity filed on May 5, 1876, and has been pending in that court and in this for over a quarter of a century; thus rivaling in point of duration some of the most celebrated chancery cases existing either in fact or in fiction. The bill was a creditors' bill charging that the defendant Harding, who had been intimately connected with the Globe Insurance Company as director, stockholder, and president, had in his hands a large amount of assets and securities, aggregating over $100,000, belonging to the insurance company, which ought in equity to be applied in satisfaction of the company's debts. The bill sought a discovery, and the defendants were required to disclose what assets they had, if any, and the circumstances under which they received the same, with a view to the application of such assets to the payment of the general creditors of the company. The defendant Harding answered, setting forth the securities that he had taken from the company, and the circumstances under which he received them; and the principal contention in the case has been whether he could rightfully hold these securities as against the rights of the

[1] Rehearing denied February 27. 1902.

general creditors. One of the principal contentions related to the time when the company became insolvent, as bearing on the question of Harding's right to a preference over other creditors to the securities in his hands. The court below found upon these questions, in a very elaborate opinion filed in March, 1882,—six years after the commencement of the suit,—in favor of the complainants. The cause was referred to Henry W. Bishop, as master in chancery, and a great mass of testimony taken, which consumed many years in the taking, and was filed in court on May 30, 1880, upon which the cause came on to a hearing before Judge Dyer holding the circuit court, and after hearing was held by him until February 14, 1882 (113 Fed. 307), when an opinion was filed by him after long and elaborate consideration of the case, finding the facts and conclusions of law in favor of the complainants and against the defendant Harding. Judge Dyer states in an examination had before the circuit court held by Judge Grosscup in February, 1898, in his testimony relating to some proceedings in the case had before him, that he spent two months of hard work upon the case after the hearing was had. This may well be believed from the great mass of evidence in the case, the nature and importance of the issues involved, and the evident thoughtfulness and care with which the opinion was prepared. Upon the filing of the opinion an interlocutory decree was entered in favor of the complainants and against the defendant Harding to the effect that the settlements between the defendant the Globe Insurance Company and the defendant George F. Harding, made in the year 1875, by virtue of which said defendant Harding obtained possession of and claimed title to the securities hereinafter described, be, and the same hereby are, adjudged and decreed invalid and void to the extent of the valid claims of other bona fide creditors of said defendant the Globe Insurance Company, and the said settlements are so decreed and adjudged invalid and void as aforesaid, not only in so far as the same embraced the interest of said defendant Harding in the "preferred debt," so called, amounting to the sum of $116,-840.50, but also to the extent of the cash advances of said defendant Harding, amounting to the sum of $47,743.52; and the said defendant Harding is hereby ordered, adjudged, and decreed to account for the value of the said securities. The cause was thereupon referred to the master to ascertain the value of the securities in Mr. Harding's hands properly subject to the claim of the general creditors. A motion for a rehearing was made by the defendant Harding, and considered by the court, Judge Dyer still presiding, and in the decision overruling the motion the court says:

"Since the rehearing has been urged in behalf of defendant Harding with great earnestness, and in view of the importance of the questions involved, the court has taken occasion, not only to consider the particular question argued upon the rehearing (which related to the time the company became insolvent), but to go anew over the case, and is unable to take any other view than that which was announced in its former opinion, and its judgment is that the cause should proceed upon the basis of that opinion."

After a careful examination of the case and of the many assignments of error, this court concurs with this view. The cause was

carefully and elaborately tried, was held under consideration by the court for nearly two years, and the opinion of the court below is so full and satisfactory that we are content to affirm the decree upon that opinion contained in the record. We do not find that the opinion, which covers some 52 closely-printed pages in the record, has ever been published, as it well deserves to be, and no doubt will be.[1] The questions were mainly questions of fact depending upon the evidence, and, while the findings upon the facts by the court below are not absolutely conclusive and binding upon this court, they are, in a case like this, very persuasive, and not to be disturbed except upon very satisfactory showing. Upon the coming in of the master's final report the case was argued before the circuit court, Judge Grosscup presiding, after Judge Dyer had, to the regret of all, retired from the bench. In that opinion Judge Grosscup says:

"Much of the argument of defendant and his counsel has been devoted to the proposition that the interlocutory decree heretofore entered by Judge Dyer was mistaken in fact in this: ,that the insurance company was not at the time then found in reality insolvent. It is claimed that events coming to consummation since the entry of that order disprove this finding. I do not feel at liberty to disregard that order, or to take up the question again as to whether the company was at the time insolvent, and have not pursued as carefully as if the question were before me de novo this specific inquiry."

It is proper to say that this court has considered that question, and finds no reason to disturb or question the correctness of the finding and conclusion of the court below upon that question. Although the assignments of error are numerous, being 121 in number, we have been unable to find any substantial error in the record which should suffice to affect the decree of the court. The cause was kept in the circuit court upon various motions and references until the final order was made by Judge Grosscup on February 28, 1899, upon the filing of which an appeal was taken by the defendant Harding, but the case was not heard in this court until the June session of 1900.

It may be proper to say that though WOODS, Circuit Judge, who participated in the hearing of the case, died in July, 1901, before this memorandum of opinion was prepared, he concurred in the decision.

The decree of the circuit court is affirmed.

[1] Since published in 113 Fed. 307.